UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-21997-CIV-ALTONAGA

COMMODITY FUTURES
TRADING COMMISSION,

    Plaintiff,
v.

EMPIRES CONSULTING CORP.; *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on *pro se* Defendant, Joshua David Nicholas's Motion to Set Aside Final Judgment by Default [ECF No. 67], filed on May 15, 2025. Plaintiff, Commodity Futures Trading Commission ("CFTC") filed a Response [ECF No. 68], to which Defendant filed a Reply [ECF No. 69]. The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is denied.

### I. BACKGROUND

On June 30, 2022, Plaintiff initiated this enforcement action, alleging that Defendants, Empires Consulting Group ("Empires"), Emerson Pires, Flavio Goncalves, and Nicholas, orchestrated a fraudulent multi-level marketing scheme that lured individuals into trading commodity futures, options, and digital assets, all in violation of the Commodity Exchange Act and its regulations. (*See generally* Compl. [ECF No. 1]). That same day, the Securities and Exchange Commission ("SEC") filed a related civil enforcement action against Defendants based on the same conduct. *See SEC v. Empires Consulting Corp.*, No. 22-21995-Civ (S.D. Fla. 2023).[1]

---

[1] On April 19, 2023, the undersigned granted the SEC's Motion for a Consent Judgment as to Joshua Nicholas. (*See* April 19, 2025 Order [ECF No. 34]).

Nicholas waived service on July 14, 2022. (*See generally* Waiver of Service ("Nicholas Waiver") [ECF No. 11]). He initially identified Jack Scarola as his counsel for settlement discussions, but those negotiations slowed after Nicholas reported to prison. (*See* Benjamin Sedrish Decl. ("Sedrish Decl.") [ECF No. 68-1] ¶ 3). Plaintiff later communicated with attorney Kawa Foad, who assumed Nicholas's representation and continued settlement discussions with Plaintiff on Nicholas's behalf. (*See id.* ¶¶ 7–9, 12).

According to Nicholas, he became concerned with Foad's "troubling behavioral patterns" in early 2023, prompting him to question Foad's "judgment and reliability." (Mot. ¶ 8). Yet, Foad allegedly refused to withdraw from the case. (*See id.* ¶ 9). In response, Nicholas sent Plaintiff a letter in July 2023 terminating Foad's representation. (*See id.* ¶ 10). Plaintiff acknowledged the termination in a letter dated August 8, 2023, which enclosed an updated version of a proposed consent order and warned that Plaintiff would proceed with litigation and seek a default judgment if settlement efforts failed. (*See id.* ¶ 11; *see also* Mot., Ex. C, Aug. 8, 2025 Letter 18).[2]

Despite receiving this letter and knowing how to contact Plaintiff, Nicholas did not respond.[3] (*See* Sedrish Decl. ¶ 14). Several months later, Plaintiff emailed Foad — who remained listed as counsel — to ask whether he was still in touch with Nicholas. (*See id.* ¶ 15). Foad responded in early 2024 that he had spoken with Nicholas and that Nicholas intended to sign the

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[3] Around the same time, on December 4, 2023, the Court entered an Order [ECF No. 28] permitting Plaintiff to serve Goncalves and Pires by email and directing Nicholas and Empires to file a single combined response or separate answers to the Complaint within 21 days of that service. (*See id.* 4). Although Plaintiff apparently served Goncalves and Pires that same day, it did not file proof of service until January 22, 2024. (*See* Jan. 22, 2024 Order [ECF No. 31] 2 (citations omitted)). Defendants' response to the Complaint was thus due December 27, 2023, but the Court acknowledged that Nicholas and Empires were likely unaware of the deadline and granted them additional time. (*See id.* (citations omitted)). Despite the extension, Nicholas failed to respond, and the Court entered a Default [ECF No. 35] against him on January 30, 2024.

settlement. (*See id.* ¶ 16–17). Based on that representation, Plaintiff agreed to hold off on seeking a default judgment and did not oppose Nicholas's request to stay the case. (*See id.* ¶ 18).

The Court entered a series of stays through October 2024 to allow the parties to finalize a settlement, given difficulties in communicating with Nicholas during his incarceration. (*See* [ECF Nos. 40, 44, 46, 48, 50]). During this time, Plaintiff coordinated with FCI Coleman Low to fax Nicholas the signature page of the proposed consent order. (*See* Sedrish Decl. ¶¶ 23–24). The facsimile, which was also sent to Foad, referred to Foad as Nicholas's counsel and provided instructions for signing. (*See id.* ¶ 24). Nicholas did not sign the order or otherwise respond. (*See id.* ¶¶ 25–32).

On January 16, 2025, Plaintiff filed its Motion for Default Judgment Against [Pires, Goncalves, and Nicholas] [ECF No. 51], which the Court soon granted (*see* Feb. 4, 2025 Order [ECF No. 52]; Order for Final Judgment by Default ("Default Judgment") [ECF No. 53]). Nicholas subsequently filed a series of defective motions seeking to set aside the Default Judgment, which the Court denied for procedural reasons. (*See* Orders [ECF Nos. 55, 58, 63]). Finally, on May 15, 2025, Nicholas submitted the present Motion, asserting the Default Judgment was "issued without due process" because Plaintiff pursued default against him despite knowing he was unrepresented and unable to respond. (Mot. ¶ 2). Plaintiff opposes the Motion, arguing Nicholas has not met the standard for relief under Federal Rule of Civil Procedure 60(b). (*See* Resp. 3).

## II. LEGAL STANDARDS

Rule 60(b) permits a court to relieve a party from a final judgment for certain reasons, including: (1) mistake, inadvertence, surprise, or excusable neglect; (4) a void judgment; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(1), (4), (6). "[T]here is a strong policy of determining cases on their merits and [courts in the Eleventh Circuit] therefore view

3

defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (alterations added; citations omitted). "But there is also a policy in favor of finality." *S.E.C. v. Simmons*, 241 F. App'x 660, 663 (11th Cir. 2007) (citation and footnote call number omitted).

***Rule 60(b)(1).*** "To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Worldwide Web Sys., Inc.*, 328 F.3d at 1295 (alteration added; quotation marks and citation omitted). "Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate." *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) (citation omitted).

***Rule 60(b)(4).*** A judgment may be deemed "void" under Rule 60(b)(4) only in narrow circumstances — specifically, when the issuing court lacked jurisdiction, or the judgment was entered in violation of due process. *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001) (citation and quotation marks omitted); *Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1335 (11th Cir. 2023) (similarly concluding that Rule 60(b)(4) is reserved for "the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard" (quotation marks omitted; quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010))).

***Rule 60(b)(6).*** Rule 60(b)(6) functions as a catch-all provision, conferring on federal courts broad authority to set aside a final judgment for "any other reason that justifies relief" — so long as the motion is timely and does not rest on one of the more specific grounds listed in subsections (b)(1) through (b)(5). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). Relief under Rule 60(b)(6) is available only in "extraordinary" circumstances, and

the movant bears the burden of showing that such circumstances exist. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (citation and quotation marks omitted).

### III. DISCUSSION

Nicholas seeks to vacate the Default Judgment under Rules 60(b)(1), (4), and (6).[4] (*See* Mot. ¶¶ 19–21). Plaintiff contends that Nicholas fails to satisfy the standards for relief under any of the cited provisions. (*See generally* Resp.).

#### A. Rule 60(b)(1)

Nicholas argues that his failure to respond was due to excusable neglect, because he was incarcerated and lacked access to electronic communication or competent legal counsel. (*See* Mot. ¶ 9). He also claims he has a meritorious defense to Plaintiff's claims because "he was not the architect or control person" of the scheme. (*Id.* ¶ 10). Finally, and for the first time in his Reply, Nicholas contends that reopening the case would not prejudice Plaintiff and would allow "the CFTC . . . an opportunity to realign its remedy with that of the SEC, ensuring regulatory consistency and reinforcing the principle of judicial equality." (Reply ¶ 6 (alteration added)).[5]

The Court does not reach Nicholas's arguments concerning a meritorious defense or prejudice because he fails to show good cause for his delay. *See Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783–84 (11th Cir. 1993) (affirming denial of Rule 60(b)(1) motion based on lack of good cause); *see also Wessner v. Crosscreek Television Prods., Inc.*, No. 03-3408-Civ, 2005 WL 8158368, at *5 (N.D. Ala. Sept. 6, 2005) (denying relief despite showing a meritorious defense and lack of prejudice because movant failed to justify delay (citations omitted)).

---

[4] Nicholas references Rule 60(b)(3) on the second page of his Motion but does not present any supporting arguments, caselaw, or analysis about this potential ground for relief in the body of his discussion. (*See generally* Mot.). As such, the Court declines to consider Rule 60(b)(3) as a basis for relief.

[5] "[T]he Court will not consider an argument raised for the first time in a reply memorandum." *Frayman v. Douglas Elliman Realty, LLC*, 515 F. Supp. 3d 1262, 1284 n.15 (S.D. Fla. 2021) (alteration added).

Nicholas contends that he "had no realistic means to respond to the Complaint or monitor the case" while incarcerated. (Mot. ¶ 19). According to Plaintiff, these circumstances do not constitute excusable neglect. (*See* Resp. 11–14). The Court agrees with Plaintiff.

"[A] party has a duty to monitor the progress of his case." *Simmons*, 241 F. App'x at 664 (alteration added; citing *Ehlers*, 8 F.3d at 784). Even when an attorney is unresponsive or ineffective, the client must act diligently. *See Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). And "[a]t the very least, a party must demonstrate his own diligence, even where the attorney commits gross misconduct." *Simmons*, 241 F. App'x at 664 (alteration added; citations omitted). Rule 60(b)(1) relief is unavailable when a party "appears to have done nothing to ensure that his interests were being sufficiently represented." *Ehlers*, 8 F.3d at 784.

Nicholas has not shown diligence. He insists he was "willing and able to sign a final consent judgment[,]" yet admits he received Plaintiff's August 8, 2023 letter enclosing a revised consent order, signing instructions, and a warning that Plaintiff would proceed with litigation and seek a default if no settlement was reached. (Reply ¶ 7 n.9 (alteration added); *see also* Mot. ¶ 10; Sedrish Decl. ¶ 14). Nicholas did not respond, did not sign the order, and did not raise any objections. (*See* Sedrish Decl. ¶ 14; *see also* Mot., Ex. C, Aug. 8, 2023 Letter 18).

Plaintiff correctly points out that Nicholas does not claim that he was unaware of the litigation, nor does he contest that Plaintiff continued to treat Foad as his counsel. (*See* Resp. 13). What's more, Nicholas acknowledges receiving a letter from Plaintiff containing the signature page of a proposed consent order — copying Foad and repeatedly referring to Foad as Nicholas's "attorney" and "counsel[.]" (Mot. ¶ 18 (alteration added); *see also* Serdish Decl. ¶ 24). While Nicholas now contends it would have been unreasonable for him "to sign a binding legal document

6

without reviewing its contents[,]" (Mot. ¶ 18 (alteration added)), he neither asked to see the full document nor expressed any objection to Plaintiff at the time.

Nicholas also invokes general safety concerns and further claims that he was gathering evidence to report Foad's misconduct to law enforcement and the Florida Bar. (*See* Reply ¶ 7). The Court is not persuaded. Nicholas had already contacted Plaintiff in July 2023 to inform it that Foad no longer represented him. (Mot. ¶ 10). He also submitted multiple *pro se* filings in his ongoing criminal case during this period, demonstrating that he knew how to correspond with courts and advocate for himself. (Resp. 14); *see also United States v. Nicholas*, No. 22-cr-20296, [CR ECF Nos. 79, 80, 85–88, 96] (S.D. Fla. 2025).[6] Plainly, then, Nicholas could have written to Plaintiff or filed something with the Court at any time but chose not to do so. (*See* Resp. 14).

Because Nicholas fails to show a good reason for his delay, he does not meet the threshold requirement for relief under Rule 60(b)(1). (*See generally* Mot.; Reply); *see also Wessner*, 2005 WL 8158368, at *5–*6.

**B. Rule 60(b)(4)**

Nicholas next contends the Default Judgment is void because he was denied the opportunity to be heard due to his incarceration and because of insufficient notice. (*See* Mot. ¶ 20). Plaintiff insists that Nicholas knew the litigation was ongoing but did not protect his rights by settling the case or defending it. (*See* Resp. 15). Once again, Plaintiff has the better argument.

Nicholas's reliance on Rule 60(b)(4) fails for the same reasons his Rule 60(b)(1) claim fails. As the Supreme Court has explained, "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." *Espinosa*, 559 U.S. at 275. Nicholas waived service on July 14, 2022. (*See generally* Nicholas Waiver). He does not deny receiving a letter warning that Plaintiff would

---

[6] The Court uses "CR ECF No." to designate docket entries in Nicholas's criminal case.

move forward with the case and seek a default judgment if no settlement was reached (s*ee* Mot. ¶ 18; Sedrish Decl. ¶ 14), and another reminding him of the ongoing litigation and requesting his signature on the proposed consent order (*see* Mot. ¶ 18; Sedrish Decl. ¶ 24).

Because Nicholas had notice and a meaningful opportunity to respond, the Default Judgment is not void. *See Espinosa*, 559 U.S. at 276 (stating that a failure to take advantage of "a full and fair opportunity to litigate" precludes relief under Rule 60(b)(4)).

### C. Rule 60(b)(6)

Nicholas also seeks relief under Rule 60(b)(6), arguing that his "prolonged incarceration, lack of access to counsel or court systems, and the entry of a permanent trading ban and financial penalties qualif[y] as an extraordinary circumstance." (Mot. ¶ 21 (alteration added)). Plaintiff contends these arguments are merely a repackaging of those Plaintiff makes under Rules 60(b)(1) and (b)(4) and cannot independently support Rule 60(b)(6) relief. (*See* Resp. 16). The Court agrees with Plaintiff.

As stated, Rule 60(b)(6) is a catch-all provision, available only when the motion is not based on one of the grounds enumerated in Rules 60(b)(1) through (5). *See Liljeberg*, 486 U.S. at 863; *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) ("Although 60(b)(6) provides a residual equitable authority for vacating judgments, [the Eleventh Circuit] consistently has held that 60(b)(1) and (b)(6) are mutually exclusive." (alteration added)). Because Nicholas's arguments about incarceration and lack of access to counsel are duplicative of those raised under subsections (1) and (4), they cannot support relief under subsection (6).

Nicholas's remaining argument — that the Default Judgment is unjust because it imposes a permanent trading ban and financial penalties — is equally unavailing. (Mot. ¶ 21; Reply ¶ 8).

As Plaintiff correctly notes, the Commodity Exchange Act expressly authorizes such remedies. (Resp. 17 (citing 7 U.S.C. § 13a-1)). Courts regularly impose permanent bans on trading commodity interests and civil monetary penalties in comparable enforcement actions. (*See id.* (collecting cases); *see also CFTC v. Notus LLC*, No. 22-cv-20291, 2024 WL 1717486, at *1 (S.D. Fla. Apr. 22, 2024) (entering permanent trading ban and monetary relief in default enforcement action); *CFTC v. Mosaic Exch. Ltd.*, No. 23-81320-Civ, 2024 WL 5459421, at *9 (S.D. Fla. Dec. 23, 2024) (finding permanent injunction against commodities trading warranted by defendants' conduct). Nicholas's frustration with the consequences of the Default Judgment — no matter how strongly felt — does not constitute an extraordinary circumstance justifying relief under Rule 60(b)(6).

### D. Modifying the Default Judgment

In the alternative, Nicholas asks the Court to modify its February 4, 2025 Order and Default Judgment to align with the relief he agreed to in the parallel SEC action, *Empires Consulting Corp.*, No. 22-21995-Civ, Apr. 19, 2023 Order [ECF No. 34] — namely, that his disgorgement obligation be offset by any payments made toward his criminal restitution. (*See* Mot. ¶ 29; Reply ¶ 7). Plaintiff does not oppose this modification and expressly states that the Judgment may be revised to reflect: "Nicholas's disgorgement obligation shall be offset by payments made in satisfaction of his criminal penalties." (Resp. 2 n.1). Considering Plaintiff's concession, the Court will permit the parties an opportunity to confer and jointly submit a revised proposed order and default judgment incorporating this change, along with any other mutually agreed-upon modifications.

CASE NO. 22-21997-CIV-ALTONAGA

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant, Joshua Nicholas's Motion to Set Aside Final Judgment by Default **[ECF No. 67]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 17th day of June, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**