# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-21997-CIV-ALTONGA

Commodities Futures Trading Commission

      Plaintiff,

v.

Empires Consulting

Corp., et al.,

      Defendants,

_____/

FILED BY _____ D.C.

JUL 01 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

--------Notice of bad faith by CFTC & intent to file Appeal (If Necessary) -------

## I. INTRODUCTION

1.     On 6/30/2025 the court Denied as Moot Mr. Nicholas's motion to reconsider in **ECF 73**. In the denial the court explicitly stated, "the Court invited the parties to confer and propose modifications to the Final Default Judgment". That is 100% true. When the court denied the 60(b) motion it explicitly stated "the Court will permit the parties an opportunity to confer and jointly submit a revised proposed order and default judgment incorporating **[the changed disgorgement obligation], along with any other mutually agreed-upon modifications. (Id. 9 (alteration and emphasis added)".**

Page **1** of **6**

2. Less than an hour after the court made that ruling Mr. Nicholas reached out to the SEC seeking mutually agreed-upon modifications[1]. There it's obvious Mr. Nicholas understood the courts' invitation to modify the judgement stating terms that mirrored the SEC. As you can see from the CFTC reply in **Exhibit A,** they rejected the invitation by the court to modify ***"any other mutually agreed-upon modifications"*** **(Emphasis Added)** stating the CFTC is only willing to modify the money part of the judgement and misrepresenting the plain language of the court's invitation.

3. Because the CFTC was unwilling to engage in any meaningful compromise emphasized and invited by the court Mr. Nicholas was forced to proceed with a motion to reconsider. Therefore, when the court denied Mr. Nicholas's motion to reconsider as moot it re-emphasized the fact that both Mr. Nicholas and the court agree that there is a path forward for Mr. Nicholas to receive relief. However, the CFTC is not engaged in court's invitation. In fact, the CFTC is attempting to twist the court's invitation and make it narrow – A notion that the court explicitly rejected in **ECF 72** stating that any modification that the court's ruling is only limited to the money judgement "**This is incorrect**". This does not get any clearer than that. Under the cannon of plain meaning that reads to Mr. Nicholas or any other prudent reader that the notion that the court is only willing to grant relief narrowed to aligning the money judgement is refuted.

4. Because Mr. Nicholas's motion to reconsider is focused on alignment terms with the CFTC and SEC regarding trading and the money judgement and the court has already agreed to do so; even doubling down citing the prior order with emphasis further indicates the court's intention that Mr. Nicholas and the CFTC come to agreed upon terms.

---

[1] See Exhibit A

5.     Yet, despite this clear handoff to the CFTC the CFTC has elected to not just ignore – but attempt to gaslight a *pro se* litigate through condescending language implying Mr. Nicholas does not understand the loud and clear message shown by the court[2] The fact is that Mr. Nicholas understood the court's original order. Mr. Nicholas responded in less than an hour and acted in good faith asking the CFTC to follow the court's instructions. The CFTC then tried to twist the court's instructions and flake Mr. Nicholas's efforts.

6.     Interestingly enough, after the court put the denial with moot on the docket yesterday in **ECF 73** Mr. Nicholas once again engaged with the CFTC to come to *any other agreed upon terms* that the court added with emphasis.  Rather than acknowledge the court, the CFTC replied by doubling down on their prior position. Such posturing by the CFTC only re-enforces Mr. Nicholas's claims that the CFTC was acting in bad faith from the beginning.

7.     The facts are that Mr. Nicholas put documentary evidence on the docket in **ECF 67** where the CFTC stated they wanted a settlement that mirrored the SEC back in 2022. Then in 2025 when the court invited the CFTC the chance to avoid judicial inequity the CFTC tried to twist the plain language of this court's order. Such posturing only shows to this court in real time the proliferating petty deportment and bad faith negotiating tactics practiced by an increasingly emboldened agency acting outside the bounds of legal jurisprudence.

8.     Therefore, because the CFTC is unwilling to acknowledge the court's invitation and act in good faith, Mr. Nicholas was left with no choice but to ask the court to reconsider its ruling. Although the language is tough, the fact is that the CFTC has now shown in real time it's bad faith efforts, attempts to twist court rulings, and unwillingness to acknowledge the court's invitation. So let the record reflect that Mr. Nicholas clearly understood the court's order denying the 60(b) motion – he only filled the motion to reconsider because it was oblivious the CFTC

---

[2] See Exhbit B

was unwilling to do anything more than the court invited; and attempted to narrow the court's invitation to only changing the monetary judgement. Something the court explicitly denied and then re-emphasized was not the case in **ECF 73**.

9.      As shown in **Exhibit B** Mr. Nicholas highlighted the court's ruling in **ECF 73**. The CFTC elected to then double down on the same pattern shown in **Exhibit A**. Such positioning by the CFTC only re-affirms Mr. Nicholas's original claims that the CFTC is unwilling to focus on its objective to protect public markets and preserve resources. Rather, the CFTC appears to be focused on preserving a default judgement giving the perception that default judgement and finality supersedes judicial equity AND court instructions. If the CFTC does not correct itself and this court does not intervene, and the 11th circuit of appeals does not create judicial alignment across government agencies then this case should shape the law creating a circuit split with the 2nd circuit and violate SCOTUS.

10.      Nethertheless, in its positioning the CFTC is now forcing more resources on a simple issue that can be resolved in 5 minutes and forcing an appeal that will take up more resources – something the CFTC argued originally the court should not engage with because it would occupy the CFTC's resources. These actions only go to further affirm that the CFTC is not acting in good faith and dedicating resources to preserving the integrity of public markets – but rather, spending its resources on trivial issues when relatively compared to the collective utility of what the CFTC should be doing.

## CONCLUSION

11.      Because of the bad faith shown by the CFTC Mr. Nicholas has only 2 options before going to appeal.

1.    Allow the CFTC to change its position and follow the courts' invitation and create judicial equity by aligning the money judgement and placing a broad trading ban with a narrow carve out similar to the SEC.

2.    Wait for the court to intervene and make a ruling with modified injunctive relief stating something like the exactly language used in the SEC case below:

A. The monetary judgement to be offset with payments made in the DoJ case in 1:2022-cr-2096-JEM. (as the court has already encouraged) AND

B. "Mr. Nicholas is [permanently restrained from soliciting new investors, accepting funds from investors, and trading any commodity interest, **but for his own account**]". (Same as the SEC)

If the court **GRANTS** option 2 or the CFTC changes, it's position within the next 14 days then no further action is required. Else, Mr. Nicholas will file notice of appeal within 14 days as per rule 4. (By July 14th but to be safe he will put the notice in on July 11th since the 14th is monday following the weekend. He's also filing this notice 7/1/2025 to give all parties the max amount of time to align judicial equity across government agencies. If not, then this is going on appeal.

## Signature Block

Name:  Joshua David Nicholas

Address: 141 NW 1st Ave Dania Beach, FL 33004

Cell Phone: 772-380-7618

Email: Joshuadavidn94@gmail.com

Signed: _____

Counsel of record; Defendant *pro se*

## Certificate of Service

I hereby certify that on this 30 day of June, 2025, I emailed a true and correct copy of the foregoing Motion to Reconsider Ruling in ECF 71 & Narrow request to modified injunctive relief Mirroring the SEC judgement – NOT FULL FACTOUR OF DEFAULT JUDGEMENT. to the following:

*[handwritten annotation: Notice of Bad Faith by CFTC & intent to file Appeal (if necessary)]*

**Benjamin J. Sedrish**

Commodities Futures Trading Commission

140 Broadway, 19th Floor

New York, NY 10005

Email: bsedrish@cftc.gov

**Elizabeth N. Pendleton**

Commodity Futures Trading Commission

525 W. Monroe Street, Suite 1100

Chicago, IL 60661

Email: ependleton@cftc.gov