FILED BY_____JG_____D.C.

**May 28, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————

No. 25-12377

————————————

COMMODITY FUTURES TRADING COMMISSION,

*Plaintiff-Appellee,*

*versus*

EMPIRES CONSULTING CORP., et al.,

*Defendants,*

JOSHUA DAVID NICHOLAS,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-21997-CMA

————————————

Before ROSENBAUM, NEWSOM, and BRANCH, Circuit Judges.

BY THE COURT:

In 2022, the Commodity Futures Trading Commission ("Commission") filed an action alleging that Joshua Nicholas and other defendants violated the Commodity Exchange Act, 7 U.S.C.

2                              Order of the Court                    25-12377

§§ 1-26. In January 2025, after numerous stays and set-aside entries of default against Nicholas, the Commission filed a final motion for entry of default against Nicholas and the other defendants. In an order entered on February 4, 2025, the district court granted the Commission's motion. The clerk entered judgment the same day.

On April 16, 2025, Nicholas filed a motion to vacate the judgment under Federal Rule of Civil Procedure 60, which the court denied. Nicholas filed both a subsequent Rule 60 motion to vacate the judgment and a motion for reconsideration, which the court denied in orders entered on June 17 and June 30, 2025, respectively. Nicholas, proceeding pro se, appeals the court's: (1) February 4 judgment, (2) June 17 order, and (3) June 30 order.

The Commission has filed a motion to dismiss this appeal, arguing that Nicholas's notice of appeal, filed on July 11, 2025, is untimely as to the court's February 4 judgment. However, it notes that Nicholas's notice of appeal is timely as to the court's June 17 and June 30 orders, so it concludes that we should allow the appeal to proceed only as to those orders. Nicholas responds that he did not learn of the February 4 judgment until his release from prison on March 12, 2025, and that he filed his April 16 Rule 60 motion within 60 days of March 12, so he concludes that we should not dismiss his appeal. The Commission replies that if Nicholas had filed his notice of appeal when he became aware of the judgment, then we would have jurisdiction over the entirety of his appeal, but he did not do that.

25-12377                          Order of the Court                          3

The Commission is correct that Nicholas's notice of appeal, filed on July 11, 2025, is untimely to challenge the February 4, 2025 judgment. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-02 (11th Cir. 2010) (holding that a timely notice of appeal is a jurisdictional requirement in a civil case); Fed. R. App. P. 4(a)(1)(b) (providing that a notice of appeal must be filed within 60 days after the judgment or order appealed from is entered when a United States agency is a party). Additionally, none of Nicholas's Rule 60 motions—the first of which he filed on April 16, 2025—nor his later-filed motion for reconsideration, tolled the time to appeal from the judgment, as the deadline to file those motions, for tolling purposes, was March 4, 2025. *See* Fed. R. App. P. 4(a)(4)(A)(vi) (explaining that, for purposes of tolling, the time to file under Rule 60 is the same as the time to file under Rule 59); Fed. R. Civ. P. 59(e) (requiring a motion to alter or amend judgment to be filed within 28 days of entry of the judgment); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1359 n.15 (11th Cir. 2010) (explaining that an untimely Rule 4(a)(4) motion does not toll the time to appeal).

Last, we reject Nicholas's argument, liberally construed, that the appeal period should be reopened because he did not learn of the judgment until March 12, 2025. Despite filing several post-judgment motions in the four months after that date and before he filed his notice of appeal, Nicholas did not file a motion to reopen the appeal period or allege in his notice of appeal that he did not timely receive notice of the judgment. *See* Fed. R. Civ. P. 4(a)(6); *Sanders v. United States*, 113 F.3d 184, 186-87 (11th Cir. 1997)

4                    Order of the Court                    25-12377

(construing notice of appeal, which alleged lack of timely notice of the appealed order, as a Rule 4(a)(6) motion).  And even if he did not learn of the February 4 judgment until March 12, Nicholas still had 26 days before the April 7 deadline to file his notice of appeal, but he did not do so.  *See* Fed. R. App. P. 4(a)(1)(b).

However, as the Commission notes, Nicholas's notice of appeal is timely to challenge the district court's June 17 and June 30 orders denying his final Rule 60 motion to vacate the judgment and motion for reconsideration, respectively.

The Commission's motion to dismiss as untimely is GRANTED, and this appeal is DISMISSED in part as to the February 4, 2025 judgment.  This appeal shall proceed only as to the district court's June 17 and June 30, 2025 orders.